| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br>-----------------------------------------------------------------x<br>Petition of McCarthey Investments, LLC,<br>    Petitioner,<br><br>For an Order Pursuant to the Federal<br>Arbitration Act, 9 USC §1, et. seq.<br>Confirming an Arbitration Award,<br><br>    -against-<br><br>Abbas A. Shah, Linuxor Asset Management,<br>LLC and Linuxor Capital Management, LLC,<br>    Respondents.<br>-----------------------------------------------------------------x | **[CORRECTED]**<br><br>Index No. 07cv5617<br>Hon. Denise Cote |
| -----------------------------------------------------------------x<br>Petition of 2001 Jane F. McCarthey GRAT No. 5,<br>    Petitioner,<br><br>For an Order Pursuant to the Federal<br>Arbitration Act, 9 USC §1, et. seq.<br>Confirming an Arbitration Award,<br><br>    -against-<br><br>Abbas A. Shah, Linuxor Asset Management,<br>LLC and Linuxor Capital Management, LLC,<br>    Respondents.<br>-----------------------------------------------------------------x | Index No. 07cv5618<br>Hon. Denise Cote<br><br>**SUR-REPLY IN OPPOSITION**<br>**TO PETITION TO CONFIRM**<br>**ARBITRATION AWARDS** |
| -----------------------------------------------------------------x<br>Petition of JFM Holdings L.P.,<br>    Petitioner,<br><br>For an Order Pursuant to the Federal<br>Arbitration Act, 9 USC §1, et. seq.<br>Confirming an Arbitration Award,<br><br>    -against-<br><br>Abbas A. Shah, Linuxor Asset Management,<br>LLC and Linuxor Capital Management, LLC,<br>    Respondents.<br>-----------------------------------------------------------------x | Index No. 07cv5619<br>Hon. Denise Cote |

Respondents ABBAS A. SHAH ("Shah"), LINUXOR ASSET MANAGEMENT, LLC ("LAM") and LINUXOR CAPITAL MANAGEMENT, LLC ("LCM" and collectively with LAM and Shah, "Respondents"), by their attorneys, Shiboleth, Yisraeli, Roberts & Zisman, LLP, submit this Sur-Reply in Opposition to Petition to Confirm Arbitration Awards (the "Awards") of MCCARTHEY INVESTMENTS, LLC ("MI"), 2001 JANE F. MCCARTHEY GRAT NO. 5 ("McCarthey GRAT"), and JFM HOLDINGS L.P. ("JFM" and collectively with MI and McCarthey GRAT, "Petitioners") and respectfully allege:

## ARGUMENT

## POINT I

## THIS COURT LACKS SUBJECT MATTER JURISDICTION

Beyond the deficiencies in the arbitration award at issue in this case, the Petition to Confirm should be denied because this Court does not have jurisdiction over the subject matter, as complete diversity of citizenship is lacking. In their Reply, Petitioners assert the existence of a cast-iron rule that the state of organization of limited liability companies and limited partnerships is "wholly immaterial in determining the citizenship of such entities." This claim was not previously raised in Petitioners' Petition to Confirm Arbitration Award papers. Indeed, Petitioners have amended the Petitions to assert this jurisdictional basis simultaneous with their reply, making it necessary to respond in this Sur-Reply.

A.  **Citizenship of LLCs Is Not Limited *Only* to Citizenship of Their Principals**

A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State. *See Handelsman v. Bedford Village Associates Limited Partnership*, 213 F.3d 48, 51 (2d Cir. 2000) (citing *Wisconsin Dept. of Corrections v.*

2

*Schacht*, 524 U.S. 381, 388 (1998)).  Here, Petitioner McCarthey Investments, LLC and Petitioner JFM Holdings L.P. are organized under the same state law as Linuxor Asset Management, LLC, and Linuxor Capital Management, LLC.  Therefore, legislative intent and the statute itself demonstrate that no diversity of citizenship exists to establish federal subject matter jurisdiction, and to further burden the federal judiciary, in this case.

As admitted in the Amended Petitions to Confirm, Petitioners MI and JFM, and Respondents LAM and LCM, are all organized under Delaware law.  However, Petitioners have turned inside-out the jurisdiction-limiting rule that the citizenship of partners of partnerships and members of limited liability companies is used to determine diversity of citizenship.  The diversity statute from which this rule of law stems has consistently and unquestionably been construed so as not to frustrate congressional purpose behind it, which is to limit diversity jurisdiction and keep the diversity caseload of the federal courts under some modicum of control.  *28 U.S.C. § 1332; see Quebe v. Ford Motor Co.*, 908 F. Supp. 446, 449 (W.D. Tex. 1995) (*citing Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1044 (3rd Cir.1993).

Even in *Carden*, perhaps the most significant case demarcating this general rule with respect to limited partnerships, the rule was applied by the Supreme Court to deny federal jurisdiction.  Indeed, Court's dissent specifically observed that the majority intended to lessen the federal court burden through its decision, stating "the concern perhaps implicit in the Court's holding today is that failure to consider the citizenship of all the members of an unincorporated business association will expand diversity jurisdiction at a time when our federal courts are already seriously overburdened." *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 207 (1990) (dissent).

In the case at bar, however, Petitioners seek to stand the rule on its head. Despite the congressional intent and policy implications, Petitioners here seek to utilize § 1332 and *Carden* to *expand* the Court's jurisdictional burden. Here, Petitioners seek to *attain* federal court subject matter jurisdiction by asserting that these types of entities are *only* citizens of states where their members or partners possess citizenship, and not of their states of formation or principal places of business, a purpose not stated or intended by the United States Supreme Court in *Carden* or by Congress when promulgating 28 U.S.C § 1332, and nowhere contained in the statute itself.

In fact, subsection (d)(10) of the diversity statute states that "an unincorporated association *shall be deemed to be a citizen of the State where is has its principal place of business and the State under whose laws it was organized.*" 28 U.S.C. § 1332 (d)(10) (emphasis added)[1]. The fact that Congress specifically provided that "unincorporated associations" are citizens of their states of organization and their principal places of business completely rebuts Petitioners' suggestion that unincorporated limited liability companies and limited partnerships are *never* citizens of their states of formation or principal places of business.

B. **Petitioners' Authority Does Not Support Their Position**

Petitioners assert that the state of organization of limited liability companies and limited partnerships is "wholly immaterial in determining the citizenship of such entities" without citing any authority which actually stands for this proposition. *See* Reply Memorandum, p. 5. In fact, although Petitioners' case law does affirm the principle that limited liability companies and limited partnerships have the citizenship of each of their members or partners,

---

[1] *See also* Delaware Chancery Court Rule 23.1(d), where for purposes of this Rule, "an 'unincorporated association' includes a statutory trust, business trust, limited liability company and a partnership (whether general or limited)"

these cases did *not* decide that these entities are *not* citizens of their state of formation. Indeed, in three out of four of these cases (*Handelsman, Catskill Litigation Trust*, and *Carden* itself) the Courts used the citizenship of the entities' members or partners to *defeat* diversity and subject matter jurisdiction, in congruence with congressional intent to limit federal court jurisdiction. And in *Cosgrove*, as in the Statute and the other cases, the Courts nowhere held that the state of formation of the entity is not included when determining diversity.

Moreover, Petitioners' proposed inflexible rule becomes especially questionable when viewed in light of the anomalous result which arises when sweepingly applied in this case. In addition to *creating* federal subject matter jurisdiction for Petitioners, contrary to legislative and judicial intent, four Delaware entities, all parties to this action, would be deemed under Petitioners' analysis not to be citizens of the State of Delaware. These four entities, which willingly availed themselves of the laws of the State of Delaware and consented to service of process there - asserting physical Delaware addresses for this purpose - in exchange for the benefits provided to Delaware entities by the State, would not be deemed to be four of its citizens. There is no reason whatsoever why the citizenship of McCarthey Investments, LLC and JFM Holdings L.P., like that of Linuxor Asset Management, LLC, and Linuxor Capital Management, LLC, all of which voluntarily formed in the State of Delaware under its laws, should expect to invoke federal jurisdiction in this case.

## POINT II

### INFECTIONS OF THE ARBITRATION PANEL VIOLATE PUBLIC POLICY

Subsequent to the filing of their Opposition to the Petition to Confirm, the NFA continues to perpetrate injustices to the public at large with regard to its arbitration process. Panel member Henry Maringer, who failed to disclose prior to his selection to the Panel that he was a violator

himself, had been sanctioned by the CFTC and had been issued issued a cease and desist order and a $10,000 penalty, now continues to be marketed and highly touted by the NFA without any mention of his past record as a violator of the same laws and regulations for which he now judges others. (*See* Respondents' Exhibit to Sur-Reply.) Mr. Maringer's and the NFA's unwillingness to disclose past improprieties of its arbitrators, not only to the Respondents, but to future members of the general public who will appear before its panels, leaves the public vulnerable to these hidden transgressions and deprives those subject to its arbitration process from their inherent rights to due process, fairness, and impartiality. This amounts to nothing less than a fraud on the public and on all participants in the arbitration process – precisely the type of public policy matter that may be raised in opposition to confirmation.

## CONCLUSION

Respondents Abbas A. Shah, Linuxor Asset Management, LLC, and Linuxor Capital Management, LLC once more request that the Petition to Confirm Arbitration Awards be denied, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 19, 2007

**SHIBOLETH, YISRAELI, ROBERTS & ZISMAN, LLP**

By: *Charles B. Manuel, Jr*
Charles B. Manuel, Jr.
Of Counsel
One Penn Plaza, Suite 2527
New York, New York 10119
Tel. 212-244-4111

Attorneys for Respondents Abbas Shah,
Linuxor Asset Management, LLC, and
Linuxor Capital Management, LLC

6